## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LIAN LENIHAN, *individually, and on behalf of all others similarly situated*; | : : : | Case No. |
| Plaintiff, | : : : | JURY TRIAL DEMANDED |
| v. | : : | |
| SPS TECHNOLOGIES, LLC *and* PRECISION CASTPARTS CORP., | : : : | |
| Defendants. | : : | |

## **NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA:

In accordance with 28 U.S.C. §§ 1441(a)-(b), 1446, and 1453, Defendants SPS Technologies, LLC and Precision Castparts Corp., by their counsel, hereby give notice of the removal of the civil action captioned *Lian Lenihan v. SPS Technologies, LLC, et al.,* March Term 2025, No. 00482, from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania based on diversity of citizenship under 28 U.S.C. § 1332(a), and avers in support thereof as follows:

1. On March 4, 2025, Plaintiff commenced a putative class action by filing a Class Action Complaint and Jury Trial Demand in the Court of Common Pleas of Philadelphia County, March Term 2025, No. 00482 (the "Complaint").

2. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached hereto as Exhibit A.

3. To date, neither SPS Technologies, LLC ("SPS") nor Precision Castparts Corp. ("PCC") has been served with the Complaint.

4. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

5. This is a civil action over which this Court has original jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a), because Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6. The Court has supplemental jurisdiction over the claims of the proposed class members under 28 U.S.C. § 1367.

**A.     Factual Background**

7. Plaintiff alleges injuries and damages as a result of a fire which occurred on February 17, 2025 at a facility operated by SPS located at 301 Highland Avenue, Jenkintown, Pennsylvania (the "SPS Facility").

8. The Complaint asserts claims by Plaintiff Lian Lenihan who resides in Jenkintown, Pennsylvania, alleging that she has suffered injuries and damages as a result of the fire. Ex. A, ¶¶ 1, 2.

9. Plaintiff also brings a class action on behalf of two sub-classes.

10. Plaintiff defines the "Pennsylvania Subclass" as "[a]ll Pennsylvania citizens who were impacted, injured, or damaged by Defendants' fire and explosion on February 17, 2025, including those who lived or operated a business proximate to Defendants' facility." Ex. A, ¶ 34. Plaintiff defines the "Montgomery County Subclass" as "[a]ll persons or entities that own real property within five miles of the Defendants' complex which caught fire and exploded on February 17, 2025." Ex. A, ¶ 35.

11. Plaintiff allege six counts of common law claims against Defendants seeking, *inter alia*, compensatory damages, the creation of a medical monitoring trust fund, punitive damages, and injunctive relief. *See* Ex. A, ¶ 91-97.

**B.   Diversity Jurisdiction**

12. Diversity jurisdiction exists because the amount in controversy exceeds $75,000 and there is complete diversity between the parties.

   **a.   Amount in Controversy**

13. "In removal cases, determining the amount in controversy begins with a reading of the complaint filed in state court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004).

14. To determine whether the amount in controversy satisfies the minimum $75,000 for traditional federal diversity actions under 28 U.S.C. § 1332(a), "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

15. While Plaintiff has not pled a specific alleged value for her claims, when completing the required Civil Cover Sheet for docketing the original Complaint, Plaintiff stated that the amount in controversy exceeded $50,000. *See* Ex. A, Complaint, Civil Cover Sheet.

16. Where the plaintiff has not expressly limited the amount sought in the complaint to less than the jurisdictional minimum, the Court must apply the legal certainty test, under which federal jurisdiction exists unless it appears, to a legal certainty, that the plaintiff cannot recover the jurisdictional amount. *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009); *Frederico v. Home Depot*, 507 F.3d 188, 196 (3d Cir. 2007).

17. Plaintiff alleges that she lives near the SPS Facility and as a result of the fire she suffered exposure to hazardous materials, adverse health effects, discomfort and annoyance, and decreased property value as well as economic injuries. Plaintiff alleges that the fire contaminated the air, soil and groundwater, necessitating remediation by Defendants, and thereby damaged her property value and caused her to lose income derived from real property. Ex. A, ¶¶ 30-32, 43, 63, 65, 82, 87, 88, 97.

18. Plaintiff also seeks the "costs of [a] medical monitoring regime," alleging that she was exposed to hazardous substances as a result of the fire, and exposure to these substances increases the risk of developing serious disease  Plaintiff alleges that "[m]onitoring procedures exist for early detection of these diseases," including liver and kidney functions tests, neurological examinations, and complete blood count tests, and that such a "monitoring regime is necessary to prevent catastrophic injury, sickness or death[.]" Accordingly, Plaintiff seeks "the costs of the medical monitoring regime . . . for the duration of [her] li[fe]." Ex. A, ¶¶ 24, 91-96.

19. In addition, Plaintiff also seeks punitive damages. *See* Ex. A, ¶¶ 78, page 17, Prayer for Relief.

20. A fair and reasonable reading of the rights being litigated in this matter, considering Plaintiff's demand for compensatory damages, medical monitoring, and punitive damages, together with the assertion in the original Civil Cover Sheet that the damages claimed exceed $50,000, satisfies the $75,000 minimum for traditional federal diversity jurisdiction under 28 U.S.C. § 1332(a).

**b. Diversity of Citizenship**

21. For the purposes of diversity jurisdiction under 28 U.S.C. § 1332, complete diversity is required between the plaintiffs on the one hand and the defendants on the other. 28 U.S.C. § 1332(a)(1).

22. Citizenship is determined as follows:

    a. An individual is a citizen of the state in which they are domiciled. *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006).

    b. A corporation is a citizen of the state in which it is incorporated, as well as the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1). A corporation has only one principal place of business, which is its "nerve center," *i.e.*, "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). The nerve center is typically "found at a corporation's headquarters." *Id.* at 81.

    c. A limited liability company is a citizen of the state(s) in which its individual members are citizens. *See, e.g.*, *Zambelli Fireworks Mfg. Corp. v. Wood*, 592 F.3d 412, 418-21 (3d Cir. 2010) (holding that a limited liability company's citizenship "is determined by the citizenship of each of its members").

23. The Complaint alleges that Plaintiff is domiciled in the Commonwealth of Pennsylvania. *See* Ex. A, ¶¶ 1-2.

24. The Complaint names two defendants – SPS and PCC. PCC is incorporated in the state of Oregon and has its principal place of business at its company headquarters in Oregon. *See* Affidavit of Kale Paulson, attached hereto as Exhibit B; *see also*, Ex. A, ¶ 4. Thus, PCC is a citizen of the state of Oregon.

25. The sole member of SPS is PCC. Accordingly, SPS is also a citizen of the state of Oregon. *See* Ex. B.

26. Based on the foregoing, there is complete diversity between the parties for purposes of diversity jurisdiction, because Plaintiff is a citizen of Pennsylvania, and the Defendants in this action are citizens of Oregon.

### C. Supplemental Jurisdiction

27. When a district court has original jurisdiction over the claim of any single named plaintiff, 28 U.S.C. § 1367 grants that court supplemental jurisdiction over sufficiently related claims, including the claims of proposed class members. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005); *Papurello v. State Farm Fire & Cas. Co.*, 144 F. Supp. 3d 746 (W.D. Pa. 2015).

28. This Court has supplemental jurisdiction over the claims of the class pursuant to § 1367.

### Consent and Service

29. Pursuant to 28 U.S.C. § 1446(d), this Notice of Removal is being served on Plaintiff through her counsel, and is also being filed with the Protonotary of the Philadelphia County Court of Common Pleas.

WHEREFORE, without waiver of any objections or defenses, Defendants SPS Technologies, LLC and Precision Castparts Corp. hereby remove this case from the Court of Common Pleas of Philadelphia County to this Court.

Respectfully submitted,

*/s/ Kathleen B. Campbell*
Shoshana (Suzanne Ilene) Schiller, Esq. (PA ID No. 68206)
Kathleen B. Campbell, Esq. (PA ID No. 91434)

2971960_1

                                Danielle N. Bagwell, Esq.(PA ID No. 309387)
                                Manko, Gold, Katcher & Fox, LLP
                                Three Bala Plaza East, Suite 700
                                Bala Cynwyd, PA  19004
                                Telephone:  484-430-2347; Fax:  484-430-5711
                                sschiller@mankogold.com
                                kcampbell@mankogold.com
                                dbagwell@mankogold.com

                                *Counsel for Defendants*
                                *SPS Technologies, LLC and*
                                *Precision Castparts Corp.*

Date: March 19, 2025

2971960_1

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Notice of Removal was electronically filed on the date set forth below with the Clerk of Court using the ECF system, and also served via regular mail and certified mail on the following counsel of record:

Zachary Arbitman, Esq.
George Donnelly, Esq.
FELDMAN SHEPHERD WOHLGELERNTER
TANNER WEINSTOCK & DODIG, LLP
1845 Walnut Street, 21st Floor
Philadelphia, PA 19103
Telephone: (215) 567-8300
zarbitman@feldmanshepherd.com
gdonnelly@feldmanshepherd.com

*Counsel for Plaintiff and the Proposed Class*


Date: March 19, 2025                         */s/ Kathleen B. Campbell*
                                                       Shoshana (Suzanne Ilene) Schiller, Esq. (PA ID No. 68206)
                                                       Kathleen B. Campbell, Esq. (PA ID No. 91434)
                                                       Danielle N. Bagwell, Esq.(PA ID No. 309387)
                                                       Manko, Gold, Katcher & Fox, LLP
                                                       Three Bala Plaza East, Suite 700
                                                       Bala Cynwyd, PA  19004
                                                       Telephone:  484-430-2347; Fax:  484-430-5711
                                                       sschiller@mankogold.com
                                                       kcampbell@mankogold.com
                                                       dbagwell@mankogold.com

                                                       *Counsel for Defendants*
                                                       *SPS Technologies, LLC and*
                                                       *Precision Castparts Corp.*